IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| HATTIE L. KING, | ( | |
| Plaintiff, | ( | |
| vs. | ( | No. 10-2094-STA-cgc |
| REGIONAL MEDICAL CENTER AT MEMPHIS, | ( | |
| Defendant. | ( | |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On February 1, 2010, Plaintiff Hattie L. King, a resident of West Memphis, Arkansas, filed a pro se complaint, entitled "VERIFIED COMPLAINT FOR WRONGFUL TERMINATION AND FOR INJUNCTIVE RELIEF," accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) The Court issued an order on March 1, 2010, granting leave to proceed in forma pauperis. (D.E. 4.) The Clerk shall record the defendant as the Regional Medical Center at Memphis d/b/a The Med ("The Med").

This is the seventh employment discrimination suit filed by Plaintiff, and the sixth suit concerning her termination from The Med. On February 10, 2009, Plaintiff filed a suit against The Med under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., which was docketed as King v. The Regional Medical

Center at Memphis, No. 09-2081-SHM-cgc (W.D. Tenn.). Defendant answered the complaint on April 16, 2009. A scheduling order was issued on May 13, 2009, that, inter alia, set a deadline of August 12, 2009, for amendments to the pleadings. Plaintiff filed several motions for leave to amend her complaint, which were denied on July 7, 2009; and July 16, 2009. On April 15, 2010, United States District Judge Samuel H. Mays, Jr., issued an order granting summary judgment for Defendant and certifying that an appeal would not be taken in good faith. Judgment was entered on April 20, 2010. Plaintiff has appealed.

On November 30, 2009, Plaintiff filed a second action against The Med and other defendants that asserted a claim under Title VII and also complained of the failure to award her workers' compensation after an incident in which a co-worker sprayed an unknown substance in her work area. In an order issued on December 30, 2009, Judge Mays dismissed the Title VII claim as duplicative of the claim in case number 09-2081 and dismissed the remaining claims for failure to state a claim on which relief may be granted. Judgment was entered on December 31, 2009. Plaintiff filed motions for reconsideration, which were denied on April 22, 2010. King v. Regional Medical Center at Memphis, et al., No. 09-2718-SHM-tmp (W.D. Tenn.).

On February 1, 2010, Plaintiff filed three new lawsuits against The Med, including the instant complaint.[1] The allegations

---

[1] The other suits were docketed as King v. The Med, Regional Medical Center at Memphis, No. 10-2093-STA-cgc (W.D. Tenn. filed Feb. 1, 2010), and King (continued...)

of the complaint filed in this case are difficult to decipher. Plaintiff complains of her termination from The Med and the events leading up to that termination, including an incident in which a coworker allegedly sprayed a toxic chemical in her vicinity that caused an allergic reaction. The complaint purports to assert claims for wrongful termination, violation of an unspecified "Whistleblow" [sic] law, violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. §§ 300gg et seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and intentional infliction of emotional distress.[2] The complaint further avers that a coworker at The Med, Annie Hailey, is guilty of assault and battery (D.E. 1 at 3-4), but Ms. Hailey is not named as party. Plaintiff seeks money damages and an injunction barring Defendant from disposing of relevant evidence.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[1] (...continued) v. The Med, Regional Medical Center at Memphis, No. 10-2095-BBD-tmp (W.D. Tenn. filed Feb. 1, 2010). Plaintiff also filed a second lawsuit against another former employer, styled as King v. UT Medical Group, Inc., No. 10-2096-SHM-tmp (W.D. Tenn.).

[2] The complaint also claims that Plaintiff was unable properly to cross-examine a witness for The Med in a Rule 30(b)(6) deposition noticed by the defendant in another suit brought by Plaintiff, King v. UT Medical Group, Inc., et al., No. 09-2080-SHM-dkv (W.D. Tenn.). (D.E. 1 at 5.) The complaint does not identify any legal theory that would permit Plaintiff to recover money damages against a deposition witness for the alleged misconduct of another person.

> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

<u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007)(citations omitted; emphasis in original); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Minadeo v. ICI Paints</u>, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); <u>Savage v. Hatcher</u>, 109 F. App'x 759, 761 (6th Cir. 2004); <u>Coker v. Summit County Sheriff's Dep't</u>, 90 F. App'x 782, 787 (6th Cir. 2003)(affirming dismissal of <u>pro se</u> complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); <u>Foundation for Interior Design Educ. Research v. Savannah College of Art & Design</u>, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate

4

concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.'" Montana v. United States, 440 U.S. 147, 153 (1979). "Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). To apply the doctrine of res judicata, or claim preclusion, four elements must be satisfied:

    1.   A final judgment on the merits in the first action by a court of competent jurisdiction;
    2.   The second action involves the same parties, or their privies, as the first;

>      3.   The second action raises an issue actually
>           litigated or which should have been litigated in
>           the first action;
>      4.   An identity of the causes of action.

Id.

The second, third, and fourth elements are satisfied in this case. Case number 09-2081 involved the same parties as the instant case, and Plaintiff raised claims under HIPPA and the whistleblower provision of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq. The Court issued a summary judgment on the merits in favor of The Med. Although Plaintiff's HIPPA and FCA claims in the instant case are not clear, they appear to be identical to the claims raised in case number 09-2081.

The remaining claims in the instant case, concerning Plaintiff's termination from her position at The Med, are also subject to res judicata because Plaintiff could have raised them in case number 09-2081.[3]

> An issue could have been litigated in a prior case, and
> should have been litigated for res judicata purposes, if
> the facts underlying that issue are the same as the
> operative, or essential, facts in the prior case. That
> is, "[n]ewly articulated claims based on the same nucleus
> of facts may still be subject to a res judicata finding
> if the claims could have been brought in the earlier
> action." Tahoe Sierra Preservation Council v. Tahoe

---

[3] It appears that Plaintiff attempted to file these, or similar, claims in case number 09-2081 but was denied leave to do so. The scheduling order in that case set a deadline of August 12, 2009, to join parties and amend pleadings. On July 1, 2009, Plaintiff filed a motion for leave to amend her complaint to add additional parties and to assert claims for, inter alia, wrongful termination and retaliation. On July 6, 2009, Plaintiff filed two more motions seeking leave to amend to assert claims under the Family and Medical Leave Act, 29 U.S.C. §§ 6201 et seq., and for wrongful termination and breach of contract. Judge Mays issued orders on July 7, 2009, and July 16, 2009, denying leave to amend because of Plaintiff's failure to include certificates of consultation with her motions. Plaintiff did not renew her motions prior to the expiration of the deadline for amending pleadings.

> Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003). "When claims arise out a single nucleus of operative of fact (or out of the same 'transaction'), they will be barred even if they involve different harms or different legal theories." Anvanwutaku v. Fleet Mortgage Group, 85 F. Supp. 2d 566, 571 (D. Md. 2000). The purpose of such a rule is to prevent a plaintiff from "splitting" a cause of action and bringing claims against the defendants in piecemeal fashion, thus subjecting them to endless litigation over a single event or series of related events.
>
> Here, there is no question that in Mr. Hammond's prior case, the operative facts were his arrest and incarceration on May 21, 2008, based on criminal charges filed against him by City of Crooksville officers. This case involves the exact same set of operative facts. He challenges the same arrest and the same overnight jail stay here. He simply cannot, consistent with the rule of claim preclusion, challenge the legality of those actions on one theory in a prior case, and then assert a different theory in this case. The law compelled him either to assert all of his claims about the lawfulness of his arrest and incarceration in a single legal action or be barred from filing additional suits to challenge their legality. He did not do that, and under claim preclusion principles, he cannot maintain this action even though the Court may not have addressed the impact of the allegedly groundless felony arrest in the earlier case. The only reason that did not happen is that Mr. Hammond chose not to include that claim in that case, but that choice does not save this case from being dismissed on res judicata grounds. Therefore, because the Court finds that the requirements of claim preclusion-that there be "an identity of the facts creating the right of action and of the evidence necessary to sustain each action," Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224 (6th Cir.1981)-to be satisfied here, this case must be dismissed.

Hammond v. Village of Crooksdale, No. 2:08-cv-1049, 2009 WL 2524636, at *3 (S.D. Ohio Aug. 12, 2009); see also Begala v. PNC Bank, Ohio, Nat'l Ass'n, 214 F.3d 776, 780 (6th Cir. 2000) ("The law does not allow [a plaintiff] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action.").

In this case and in case number 09-2081, the operative facts concerned Plaintiff's employment at The Med and her termination from that position on January 9, 2009. She either litigated every claim presented in the instant case or, if she did not, she chose not to include these additional claims or was denied leave to include them because of her failure to comply with procedural rules. Therefore, each and every one of Plaintiff's claims is subject to res judicata.

It would be premature to dismiss the instant suit on res judicata grounds because Plaintiff has filed a notice of appeal in case number 09-2081 and, therefore, the judgment in that case has not become final. See Fieger v. Corrigan, No. 08-1122, slip op. at 4 (6th Cir. Apr. 28, 2010). Nonetheless, the Sixth Circuit has recognized that "[l]itigants may not escape res judicata's preclusive finality merely by filing a new, identical case before the prior case becomes final." Id. Case number 09-2081 is Plaintiff's "exclusive vehicle for pursuing any claims [she] may have had" concerning her employment by, and termination from, The Med. Id. "Any claims that [she] had were either in that case or should have been in that case." Id.

Regardless of the outcome of the appeal in case number 09-2081, the law is clear that Plaintiff cannot split her claims against The Med into multiple suits. In her appeal in case number 09-2081, Plaintiff has the opportunity to challenge the refusal to allow her to amend her complaint to assert those claims raised in

8

this action that were not actually litigated in case number 09-2081.

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.[4] Judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3)

---

[4] On February 25, 2010, Plaintiff filed a document, entitled "Plaintiff Notice to the Court for Errors of Docket Numbers That's Pending Before the Court and Reassigned to New Docket Numbers of Existing Docket Numbers of Companion Actions That's in Pending Status, Etc." (D.E. 4), in which Plaintiff states that she is confused by the fact that the Clerk has docketed her various filings as four new cases. (D.E. 4; see also supra pp. 2-3.) Attached to that document is a stack of documents that were filed in several of Plaintiff's other cases. The instant case was filed as a new case because Plaintiff submitted a complaint, with no docket number, and an in forma pauperis affidavit.

On March 5, 2010, Plaintiff filed a document, entitled "Filed Motions Still Pending Before the Court by Plaintiff" (D.E. 5), which bears the docket number for this case but appears to pertain to case number 09-2718.

9

provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Id.* at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United

States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 14th day of June, 2010.


                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE